IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CARL L. DAVID                                                                                           PLAINTIFF

v.                                       CASE NO.         12-2222

CAROLYN W. COLVIN[1], Commissioner
of Social Security Administration                                                                       DEFENDANT

### MEMORANDUM OPINION

Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and supplemental security income ("SSI") under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

### I.  Procedural Background:

The plaintiff filed his applications for DIB and SSI on January 19, 2010, alleging an onset date of February 1, 2003, due to plaintiff's back problems, copd, tendonitis in right arm, and possible bladder cancer (T. 179). Plaintiff's applications were denied initially and on reconsideration. Plaintiff then requested an administrative hearing, which was held on March 3, 2011.

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, plaintiff was 49 years of age and possessed a 9th Grade education (T. 31).  The Plaintiff had past relevant work ("PRW") experience as a lead man and truck driver  (T. 181).

On March 15, 2011, the Administrative Law Judge ("ALJ") concluded that, although severe, plaintiff's COPD, back pain, and mood disorder did not meet or equal any Appendix 1 listing.  T. 12.  The ALJ found that plaintiff maintained the residual functional capacity ("RFC") to perform medium work with restriction.  T. 14.  With the assistance of a vocational expert, the ALJ then determined Plaintiff could perform the requirements of representative occupation such as Kitchen Helper, Industrial Cleaner, and Hand Packer.  T. 19.

## II.  Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).  Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *Id*.  "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision."  *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary."  *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

The ALJ determined that the Plaintiff had the Residual Functional Capacity to:

> "perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant can occasionally lift/carry 50 pounds and frequently 25 pounds. He can sit for 6 hours and stand/walk for 6 hours. He can frequently climb, balance, crawl, kneel, stoop, and crouch. He must avoid concentrated exposure to fumes, odors, gasses, dusts and pulmonary irritants. He can do work where interpersonal contact is incidental to the work performed; the complexity of tasks is learned and performed by rote, with few variables and little judgment is required; and the supervision required is simple, direct, and concrete." (T. 14).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §

404.1545(a)(1). It is defined as the individual's maximum remaining ability to do sustained work activity in an ordinary work setting "on a regular and continuing basis." 20 C.F.R. §§ 404.1545 and 416.945; Social Security Ruling (SSR) 96-8p (1996). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003).

Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Cox v. Astrue*, 495 F. 3d 614 at 619 *citing Lauer v. Apfel*, 245 F.3d 700 at 704; *Dykes v. Apfel*, 223 F.3d 865, 866 (8th Cir.2000) (per curiam) ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.*620 20 C.F.R. §§ 416.927(e)(2), 416.946 (2006).

On April 29, 2010 Dr. David Hicks, a non-examining consultive physician, provided a Physical RFC Assessment claiming the Plaintiff could lift 50 pounds occasionally, 25 pounds

frequently and that he could stand and/or walk and sit for 6 hours in an 8-hour workday. (T. 305). He found no Postural Limitation (T. 306) and the only Environmental limitation was to avoid even moderate exposure to fumes, etc. (T. 308). Dr. Hicks acknowledges that he had no medical source statements to review (T. 310) but he did have the Plaintiff's MRI from March 2010 (T. 287). That MRI showed a left lateral disc herniation at L3-4 and disc bulging and degenerative change at L2-3, L4-5, and L5-S1 (T. 281). In August 2010 Dr. Payne reviewed and affirmed the assessment of Dr. Hicks. (T. 367).

We have stated many times that the results of a one-time medical evaluation do not constitute substantial evidence on which the ALJ can permissibly base his decision. See, e.g., *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir.1999) (stating that the opinion of a consultative physician does not generally satisfy the substantial evidence requirement). The Eighth Circuit Court of Appeals has, however, upheld the Commissioner's RFC assessment in cases where the ALJ did not rely on a treating physician's functional assessment of the claimant's abilities and limitations. *See Page v. Astrue*, 484 F.3d at 1043 (the medical evidence, state agency physician opinions, and claimant's own testimony were sufficient to determine RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004) (medical evidence, state agency physicians' assessments, and claimant's reported activities of daily living supported RFC finding); *Masterson v. Barnhart*, 363 F.3d 731, 738 (8th Cir. 2004) (ALJ's RFC assessment properly relied upon assessments of consultative physicians and a medical expert, which did not conflict with the treating physician's records).

The Plaintiff's treating physician saw the Plaintiff on April 19, 2010, after his MRI. At

noted above the MRI showed a left lateral disc herniation[2] at L3-4 and disc bulging and degenerative change at L2-3, L4-5, and L5-S1 (T. 281).[3] Dr. Noonan noted that the Plaintiff's back pain began three months ago but that he had no numbness. His ROM was normal, and the Straight Leg Test was negative. His motor strength was 5/5. (T. 341). He prescribed a Spiriva Hand inhaler for the Plaintiff's COPD and Neurontin[4] 300 mg 2 TID for 30 days. (T. 342).

In July Dr. Noonan again noted that his ROM was "within normal limits" but he did have CVA tenderness and paraspinous muscle spasm but his Straight Leg Test was negative and his motor strength was 5/5 and symmetric. (T. 344). The Plaintiff acknowledged that he was unable to afford his pain medication and would not be able to "return to the office after today's visit until disability is approved." (Id.). It does not appear that there is another medical record from the Plaintiff's treating physician after July 2010.

*See Pate-Fires v. Astrue,* 564 F.3d 935 (8th Cir. 2009) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment.").

Not only is Dr. Noonan silent on the Plaintiff's work capacity but no one sought a RFC

---

[2]Extension of disc material beyond the posterior annulus fibrosus and posterior longitudinal ligament and into the spinal canal.

[3]The Plaintiff had a disc herniation and desiccation (T. 242) in this area in 1992 and had a laminectomy; discectomy performed at that time. (T. 243).

[4]Neurontin (gabapentin) is an anti-epileptic medication, also called an anticonvulsant. It affects chemicals and nerves in the body that are involved in the cause of seizures and some types of pain.
http://www.drugs.com/search.php?searchterm=neurontin.

Assessment from Dr. Noonan. If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984). "An ALJ should recontact a treating or consulting physician if a critical issue is undeveloped. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir.2005)." *Johnson v. Astrue*, 627 F.3d 316, 319–20 (8th Cir.2010).

In this case the Plaintiff had disc surgery in 1992(243) which has, and continues to deteriorate (T. 281). It is unclear what effect the Plaintiff's disc herniation and DDD has upon his ability to work and the only opinion is from a non-examining consultive evaluation.

The ALJ has a duty to fully and fairly develop the record. *See Frankl v. Shalala*, 47 F.3d 935, 938 (8th Cir. 1995)(ALJ must fully and fairly develop the record so that a just determination of disability may be made). This duty exist "even if ... the claimant is represented by counsel." *Boyd v. Sullivan,* 960 F.2d 733, 736 (8th Cir.1992) (*quoting Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983)). There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis. *Battles v. Shalala*, 36 F.3d 43 at 45 (C.A.8 (Ark.), 1994). In this case the court believes that the case should be remanded to allow the ALJ to contact the Plaintiff's treating physician to obtain an opinion on the Plaintiff's ability to perform work related activity.   In all other regards the court finds the ALJ's decision to be well reasoned and supported by the evidence.

### IV. Conclusion:

Accordingly, the court finds that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter

should be remanded to the Commissioner for further consideration.

      Dated this 2nd day of October 2013.

                                              /s/ J. Marschewski
                                         HONORABLE JAMES R. MARSCHEWSKI
                                         CHIEF U. S. MAGISTRATE JUDGE